[No. 26812. Department One. February 2, 1938.]

*In the Matter of the Estate of* MARY RAINE, *Deceased.*[1]

[1]Reported in 75 P. (2d) 933.

*Joseph Matsen, John P. Matsen,* and *Eli M. Paulson,* for appellant.

*William H. Pemberton* and *Olaf Johnsen,* for respondent.

GERAGHTY, J.—Mary Raine, of Bellevue, King county, died in August, 1935, leaving a will by which she devised all of her estate to James, William and Edgar Raine, sons of her former husband, William Raine, who had predeceased her. The will was duly admitted to probate, and the estate was appraised at somewhat less than twelve thousand dollars.

In the course of administration, the supervisor of the inheritance tax and escheat division of the state filed in the proceeding his findings, setting out the appraised value of the estate, the allowable deductions, the net value subject to tax, being $9,434.98, and fixing the inheritance tax due from the estate, with accrued interest, at $1,069.29. This finding made no exemption on account of any relationship of the beneficiaries to the testatrix. The tax was computed at the statutory rate, ten per cent, chargeable to strangers to the blood.

The beneficiaries filed exceptions to the report of the supervisor on the ground that they were stepchildren of the testatrix, and, as such, each of them was entitled to an exemption up to five thousand dollars under the then existing statute, and that their inheritances were not, therefore, subject to the payment of any tax. The court made an order approving the findings of the supervisor, and adjudged that the state of Washington have judgment against the beneficiaries

severally in the amounts set out in the findings of the supervisor, and found that the aggregate tax due from the estate was $943.50, which sum was to be a lien upon the assets of the estate ·until paid and was to bear interest at the statutory rate of eight per cent from the date of the order. The beneficiaries appeal.

■ ■ In our view, the principles announced in *In re Bousman's Estate,* 182 Wash. 64, 44 P. (2d) 1038, are determinative of the issue raised on this appeal. In that case, Mary E. Bousman died leaving a will in which she devised to Henry J. Bousman property of the appraised value of less than five thousand dollars. He was the son of Joseph H. Bousman, former· husband of the testatrix, who had died before her. The sole question presented was whether, under Rem. Rev. Stat., § 11202 [P. C. § 7053], Henry J. Bousman took as a stepson or as a stranger to the blood. The supervisor contended that the relation by affinity between Mary E. Bousman and Henry J. Bousman had ceased upon the death of the father. The court said that the supervisor's position was supported by an overwhelming weight of authority, and that, according to this principle, it would follow, in the absence of a statute providing otherwise, that Henry J. Bousman would take as a stranger to the blood. Inquiring whether the statute did provide otherwise, the court quoted the pertinent provision from Rem. Rev. Stat., § 11202:

" 'The inheritance tax shall be imposed on all estates subject to this and other inheritance tax acts of the State of Washington, at the following rates.

"If passing· to or for the use of a father, mother, husband, wife, lineal descendant, stepchild, or lineal descendant of a stepchild, adopted child or lineal descendant of an adopted child of the decedent, or to a *son-in-law or a daughter-in-law of the decedent, being in such relation,* the tax shall be one per centum of any value not exceeding fifty thousand dollars . . . Provided, however, that in the above cases, ten thousand

dollars of the net value of any estate so passing shall be exempt from such tax when passing to the surviving spouse of the decedent, or to the father or mother of the decedent and five thousand dollars shall be exempt to each lineal descendant, each stepchild, each adopted child and each lineal descendant of an adopted child and each *son-in-law or daughter-in-law of the decedent, such son-in-law or daughter-in-law being in such relation at the time of the death of said decedent.'* " (Italics ours.)

Commenting on this provision, the court said:

"The key to the problem is to be found in the words 'being in such relation,' used both in the body of the statute and in the provisos. *If these words had been omitted from the statute, the application of the general rule would make sons-in-law, daughters-in-law and stepchildren all strangers to the blood when the tie of affinity is broken.* In other words, there was no necessity for including the words at all if they are to be applied to stepchildren, as well as to sons-in-law and daughters-in-law. In view of the general rule, the words were inserted to serve but one purpose; that is, to make clear a distinction in status between the stepchild and the son-in-law or daughter-in-law in cases where the tie of affinity is broken. . . . .
"*It is clear to us that the legislative purpose in using the words 'being in such relation' was to place the stepchild, under all circumstances, upon the same footing as a natural child of the step-parent.*" (Italics ours.)

The 1935 session of the legislature enacted chapter 180, p. 706, being a comprehensive revision of the revenue laws. Sections 104 to 125 of the act, pp. 768 to 791, relate to inheritance taxes. Section 106, p. 770, amends Rem. Rev. Stat., § 11202, above quoted, in several respects, one amendment being that, while the old section exempted from taxation ten thousand dollars of the net value of any estate passing to the surviving spouse or to a father or mother, and allowed

exemptions of five thousand dollars to heirs or devisees taking in certain designated relations, the amended section grouped beneficiaries into three classes, A, B and C; a single aggregate exemption of ten thousand dollars is allowed in Class A estates. The section provides that the taxes imposed and the exemptions allowed with respect to each class of beneficiaries,

". . . shall be apportioned between the beneficiaries in such class in proportion to the amount receivable by such beneficiary."

There was deleted from the old section, 11202, all reference to any exemption in favor of sons-in-law and daughters-in-law, together with the qualifying phrases, "being in such relation," and "being in such relation at the time of the death of said decedent." That portion of the amended section with which we are here concerned, reads:

"Class A. Any devise, bequest, legacy, gift or beneficial interest to any property or income therefrom which shall pass to or for the use or benefit of any grandfather, grandmother, father, mother, husband, wife, child or stepchild, or any lineal descendant of the deceased is hereby denominated as class A. On any amount passing to class A in excess of $10,000 up to and including $25,000, 1%; on any amount in excess of $25,000 up to and including $50,000, 2%; on any amount in excess of $50,000 up to and including $100,000, 4%; on any amount in excess of $100,000 up to and including $200,000, 7%; on any amount in excess of $200,000 up to and including $500,000, 9%; on any amount in excess of $500,000, 10%; . . ."

It will thus be seen that the statute now effective employs the language which we said in the *Bousman* case would, if standing alone, exclude the stepchild from the benefits of the exemption after the bond of affinity had been dissolved by the death of the parent.

The opinion in the *Bousman* case was announced

May 14, 1935, while the amendatory statute was passed by the legislature in the preceding March. It cannot, therefore, be said that the legislature had in mind this court's decision in revising Rem. Rev. Stat., § 11202. However, the decision of the lower court, made in the year preceding the legislative session, was based upon the principle later followed by the supreme court. The printed briefs of the parties were devoted largely to a discussion of the question, and the case was argued on appeal while the legislature was in session.

Of course, statutes do not spring up spontaneously in legislative chambers. House Bill 237, which ultimately became chapter 180, bore the endorsement that it was submitted by executive request, which implied that it was prepared under direction of the tax commission. It is not unreasonable to assume that the portion of the bill relating to inheritance taxes was written by the supervisor of the inheritance tax and escheat division, who had charge of the *Bousman* case, and had in mind the question of statutory construction on which it depended. But, regardless of the authorship of the draft bill, we are required to impute to the legislature an understanding of the import of the language employed in the statute, which we must now construe in the light of the rule announced in the *Bousman* case.

The judgment is affirmed.

STEINERT, C. J., MAIN, HOLCOMB, and SIMPSON, JJ., concur.